IN THE UNITED STATES DISTRICT COURT    Amended complaint

FOR THE WESTERN DISTRICT OF OKLAHOMA

------------------------------

Andre Butler, Plaintiff,

v.

Lawton Public Schools and Cache Public Schools, Defendants.

------------------------------

Civil Action No. _____



FILED

4:14 pm, Sep 02, 2025

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA
By: RP, Deputy Clerk

COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS

Plaintiff Andre Butler, appearing pro se, brings this civil rights action against Defendants Lawton Public Schools and Cache Public Schools for violations of the Equal Protection Clause of the Fourteenth Amendment and Title VI of the Civil Rights Act of 1964.

COUNT I – EQUAL PROTECTION (42 U.S.C. § 1983)

Plaintiff realleges and incorporates by reference all preceding paragraphs. Plaintiff brings this claim under 42 U.S.C. § 1983 to enforce the Equal Protection Clause of the Fourteenth Amendment. Local governments, including school districts, are considered 'persons' within the meaning of § 1983 and can be held liable under Monell v. Department of Social Services, 436 U.S. 658 (1978), where unconstitutional policies, customs, or practices cause the deprivation of constitutional rights. Here, the policies and zoning practices of Lawton and Cache Public Schools have perpetuated racial segregation and inequality in violation of the Equal Protection Clause. These unconstitutional practices include school district boundary lines, allocation of tax resources, and systemic disparities that disadvantage Black, Native, and minority students. Accordingly, Defendants are liable under § 1983 for damages and for injunctive relief to eliminate racially discriminatory practices and ensure equal protection moving forward.

COUNT II – TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

Plaintiff realleges and incorporates by reference all preceding paragraphs. Title VI prohibits racial discrimination in federally funded programs. Defendants receive substantial federal financial assistance, including federal education funds under Title I of the Elementary and Secondary Education Act. By accepting these funds, Defendants expressly consented to comply with Title VI, which prohibits racial discrimination in any federally funded program or activity. Congress, pursuant to its authority under Section 5 of the Fourteenth Amendment, conditioned the receipt of federal funds on a waiver of sovereign immunity for discriminatory practices. Accordingly, Defendants cannot invoke the Eleventh Amendment or state sovereign immunity as a defense to Plaintiff's Title VI claims. Defendants remain fully liable for both damages and injunctive relief.

ADDITIONAL LEGAL BACKGROUND
In Griggs v. Duke Power Co., 401 U.S. 424 (1971), the Supreme Court held that practices which appear facially neutral but disproportionately harm minorities are unlawful under Title VII unless justified by business necessity. This principle of 'disparate impact' applies equally to education funding and zoning practices: policies that channel tax revenues and resources to Cache Public Schools while leaving Lawton students underfunded impose unlawful racial disparities, even if not overtly discriminatory.

In Fitzpatrick v. Bitzer, 427 U.S. 445 (1976), the Supreme Court upheld Congress's authority to abrogate state sovereign immunity when legislating under Section 5 of the Fourteenth Amendment. White male plaintiffs were able to overcome state immunity in their employment discrimination claims.

To deny a Black and Native plaintiff the same relief today, in light of America's history of slavery, segregation, and Native dispossession, would be a profound dishonor and violation of the Equal Protection guarantee. In Edelman v. Jordan, 415 U.S. 651 (1974), the Court limited retroactive monetary damages against state treasuries under the Eleventh Amendment. However, this restriction does not extend to local governments such as school districts. Moreover, Plaintiff seeks not only retrospective relief, but also prospective injunctive relief and damages tied to ongoing violations of federal civil rights laws. Accordingly, Defendants remain fully liable under § 1983, Title VI, and the Equal Protection Clause.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court: a. Declare that Defendants' actions violated Plaintiff's rights under the Equal Protection Clause and Title VI; b. Award compensatory damages against Defendants for the harms caused; c. Grant injunctive relief requiring Defendants to reform zoning, funding, and school districting policies to eliminate racial discrimination; d. Award Plaintiff costs and any other relief the Court deems just and proper.

- Over the past decade, Cache schools have received more than $50 million in bonds and capital investments, while Lawton Public Schools remain underfunded.
- The zoning policies serve no legitimate public purpose and instead perpetuate segregation and educational inequity along racial lines.
- **Exhibit A** (attached hereto) is a map showing the school district boundary. As indicated, Goodyear lies within Lawton city limits, yet its students and tax base are diverted into Cache Public Schools. This map visually demonstrates the discriminatory effect of the districting decisions challenged in this lawsuit.

### COUNT I – Violation of Equal Protection (U.S. Const. amend. XIV; 42 U.S.C. § 1983)
- Plaintiff incorporates by reference all preceding paragraphs.
- Defendants, acting under color of state law, intentionally discriminated against minority students by enforcing zoning policies that separate them from their municipal school district and divert resources to a whiter, wealthier district.
- These policies and practices constitute purposeful racial discrimination and violate Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment.
- The unlawful actions arise from official policies, customs, and practices, making Defendants liable under Monell v. Department of Social Services, 436 U.S. 658 (1978).
- Plaintiff and similarly situated students have suffered educational harm, loss of equal access to resources, and stigmatic injuries as a result of these policies.

### COUNT II – Violation of Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d)
- Plaintiff incorporates by reference all preceding paragraphs.
- Defendants, including Cache Public Schools, receive federal financial assistance for their educational programs.
- Title VI prohibits recipients of federal funds from discriminating against any person on the basis of race, color, or national origin.
- By assigning minority students in Lawton's Goodyear neighborhood to Cache Public Schools and diverting tax revenues to a whiter and wealthier district, Defendants have subjected students of color to educational segregation and resource deprivation.
- Defendants' conduct constitutes intentional discrimination in violation of Title VI.

**Prayer for Relief**
WHEREFORE, Plaintiff respectfully requests that this Court:
A. Declare that Defendants' school zoning policies violate the Equal Protection Clause and Title VI;
B. Order Defendants to redraw school district boundaries to promote racial equity and restore Lawton's tax base for the benefit of Lawton Public Schools;
C. Award compensatory damages to Plaintiff for the harm caused;
D. Grant Plaintiff reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and
E. Grant such other and further relief as the Court deems just and proper.

## Exhibit A – School District Boundary Map



## Exhibit B – Legal Theory Flowchart



Respectfully submitted,

_____

Andre Butler, Plaintiff, Pro Se

Phone: 580-574-2607

Email: andrebutler@outtheblu.com